■ RELIANCE INSURANCE COMPANY, Appellant, v NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Respondent. [639 NYS2d 615]

In July 1991 Ellis and Norma Davis commenced an action against the Saxtons, who sought a defense and indemnification from defendant. Defendant disclaimed coverage on the sole ground that the pickup truck was not owned by Saxton Farms. Plaintiff settled that action and commenced the present action against defendant, seeking a declaration that defendant, as the primary insurer in the Davis action, was obligated to defend and indemnify the Saxtons in that action, and that defendant must reimburse plaintiff for the full cost of defending and settling that action. In its answer, defendant asserted as an affirmative defense that the pickup truck was not a covered vehicle under its policy. Following discovery, plaintiff moved and defendant cross-moved for summary judgment. The court granted defendant summary judgment on the ground that defendant's April 11, 1989 amended endorsement providing coverage on the 1985 Ford pickup truck was void because it effectuated coverage after a loss of which the insurer had no knowledge. That was error.

Defendant's policy, with the amended endorsement, provides coverage on the 1985 Ford pickup truck if that vehicle is owned by the insured. Defendant in its disclaimer letter and answer did not assert that the policy was void because of fraud, mistake or its agent's lack of authority (see, CPLR 3018), nor did it commence an action to rescind or reform the policy based on those grounds. Thus, the court erred in granting summary

judgment on those grounds. The court properly denied plaintiff's motion for summary judgment, however, because a question of fact exists whether the vehicle was owned by Saxton Farms. Thus, we modify the judgment on appeal by denying defendant summary judgment and by vacating the declaration in favor of defendant.

All concur except Fallon and Callahan, JJ., who dissent in part and vote to affirm in the following Memorandum.

Fallon and Callahan, JJ. (dissenting). We vote to affirm. The majority asserts that "[d]efendant in its disclaimer letter and answer did not assert that the policy was void because of fraud, mistake or its agent's lack of authority". Although that was defendant's initial "official position", the court denied plaintiff's original motion for summary judgment without prejudice to renew following the deposition of Janet Quanz Pebbles, the employee of Dayton Becker Agency. In her deposition, Pebbles testified that she unilaterally requested that the coverage under defendant's policy with the Saxtons be changed from specifically listed autos to "any auto". Thus, defendant could not have asserted the arguments of agency, lack of authority, etc., as affirmative defenses at an earlier date, but did raise them when plaintiff renewed its motion for summary judgment. Moreover, in its motion papers, defendant did request that Supreme Court reform the insurance contract between defendant and the Saxtons to provide for coverage only after the accident date. Thus, in our view, the issue was properly before the court, and we agree with the resolution of that issue for the reasons set forth in its decision. (Appeal from Judgment of Supreme Court, Erie County, Howe, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Fallon, Callahan and Doerr, JJ.